# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMEX FARMS, LLC, | Case No. 1:24-CV-00880-CDB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SCHÜCO USA LLLP, and DOES 1 through 10, inclusive, | |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including trade secrets or other confidential research, technical, cost, price, marketing, development, or other commercial information.

2.3 Counsel (without qualifier): Outside Counsel of Record, Other Outside Counsel, and In-House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter; all interrogatory responses, responses to requests for admissions, and responses to requests for production of documents and the contents thereof, documents and materials from third parties produced pursuant to subpoena or deposition by written questions, deposition testimony, exhibits and transcripts or videos thereof.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 <u>Other Outside Counsel</u>: attorneys who are not employees of a Party to this action but have been retained prior to the filing of this action to represent or advise a Party to this action with regard to matters which are also subject to this action.

2.11 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

//

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" by a Party acting in good faith when designating said Disclosure or Discovery Material.

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  This Protective Order shall not limit the right of the respective Parties to disclose their own confidential discovery material to any persons or entities of their own choosing.  Such disclosure, unless it constitutes public disclosure, shall not waive the protection of this Protective Order. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Neither the termination of this action or any related proceedings nor the termination of employment of any person who has had access to any confidential information shall relieve such person of his or her obligations under the Protective Order.  All obligations and duties arising under the Protective Order shall survive the termination of this action and, in addition, shall be binding upon the Parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, agents, representatives, employees, and counsel.

5. DESIGNATING PROTECTED MATERIAL

   5.1   Designating Material for Protection.   Each Party or Non-Party may designate as

"CONFIDENTIAL" any document, material, item, testimony, or information that they believe in good faith contains or consists of non-public information that would reasonably be subject to protection as a trade secret or other confidential research, technical, cost, price, marketing, development, or other commercial information or material concerning or containing confidential or proprietary information.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order shall be clearly so designated before the material is disclosed or produced.  Further, any person may designate as "CONFIDENTIAL" any Disclosure or Discovery Material that have previously been produced or disclosed without such designation by the Producing Party, within fifteen (15) days of production of such documents.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential – Subject to Protective Order – *Primex Farms v. Schüco USA*" (or a similar demarcation or designation) to each page that contains protected material.
A Party or Non-Party that makes original documents or materials available for inspection can but need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order if it has not already done so.  Then, before producing the specified documents, the Producing Party must affix the legend "Confidential – Subject to Protective Order – *Primex Farms v. Schüco USA*" (or a similar demarcation or designation) to each page that contains Protected Material.

(b) In the event that deposition testimony contains "CONFIDENTIAL" information, the Parties may designate such portions of deposition testimony "CONFIDENTIAL" by advising the court reporter and, if present, the videographer on the record at the time such testimony is given or within thirty (30) days after receipt of the final transcript of the deposition by notifying opposing counsel in writing of the page and line numbers of the testimony deemed confidential. Any testimony reading from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents used as deposition exhibits. Every deposition shall be treated as confidential for a period of thirty (30) days after receipt of the final transcript by all counsel, including rough or non-finalized transcripts.. Whenever confidential information is to be discussed or disclosed in a deposition, either Party may exclude from the room during such testimony any person who is not authorized to receive such information under the Protective Order. Every deposition shall be treated as confidential if it is designated as such during the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential – Subject to Protective Order – *Primex Farms v. Schüco USA*" (or a similar demarcation or designation).

5.3     <u>Inadvertent Failures to Designate</u>.  The inadvertent or unintentional disclosure by a Party supplying confidential information, regardless of whether such information was designated as "CONFIDENTIAL," shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality with respect to the specified information disclosed, any other information relating thereto, or any other information on the same or related subject matter, provided that the Party making such inadvertent or unintentional disclosure gives prompt notification in writing to the Parties to this litigation when it learns of such inadvertent or unintentional disclosure. If information subsequently designated as "CONFIDENTIAL" has, prior to that designation, been disclosed, the Producing Party shall make every reasonable effort to preserve the confidential nature of such material and to obtain compliance from any person to whom such information was disclosed.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

1  confidentiality until thirty (30) days from disclosure.

2        6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process
3  by providing written notice of each designation it is challenging and explain in writing the detailed
4  basis for the contention that the "CONFIDENTIAL" designation is inappropriate.  To avoid
5  ambiguity as to whether a challenge has been made, the written notice must recite that the challenge
6  to confidentiality is being made in accordance with this specific paragraph of the Protective Order.
7  The Parties shall attempt to resolve each challenge in good faith and must begin the process by
8  conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient)
9  promptly after service of notice.  In conferring, the Challenging Party must explain the basis for its
10 belief that the confidentiality designation was not proper and must give the Designating Party an
11 opportunity to review the designated material, to reconsider the circumstances, and, if no change in
12 designation is offered, to explain the basis for the chosen designation.  A Challenging Party may
13 proceed to the next stage of the challenge process only if it has engaged in this meet and confer
14 process first or establishes that the Designating Party is unwilling to participate in the meet and
15 confer process in a timely manner.

16       6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
17 intervention, either Party may follow the Court's procedures to seek an informal discovery
18 conference.  Any such requests for an informal discovery conference shall be supported by a
19 declaration from counsel describing the meet and confer process.  Such request shall be governed by
20 the terms of the Protective Order, and any material that a Party has designated as "Confidential" shall
21 be treated as confidential.  If thereafter required by the Court, the Designating Party will file and
22 serve a motion to retain confidentiality.  Each such motion must be accompanied by a competent
23 declaration affirming that the movant has complied with the meet and confer requirements imposed
24 in the preceding paragraph.

25     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
26 Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary
27 expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties
28 shall continue to afford the material in question the level of protection to which it is entitled under

the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, Other Outside Counsel as well as employees of said Outside Counsel of Record and Other Outside Counsel;

    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any mediator or other presiding officer at an alternative dispute resolution hearing to which the Parties have agreed to attend.

In addition, nothing in this Order shall prohibit disclosure of a document designated "CONFIDENTIAL" to a person identified in discovery material as having previously received that designated document. If discovery material designated "CONFIDENTIAL" makes specific reference to the conduct or statement of a specific person, counsel may discuss such conduct or statement with such person, provided that no portion of the discovery material other than that which specifically refers to such person's conduct or statement is revealed.

Prior to any disclosure by counsel to any person listed in Sections 7.2(b), (c), (e), and (f) of this Protective Order, a copy of this order shall be presented to that person, who shall review it and who shall signify that he or she has received and reviewed the contents of this order and consents to be bound by its terms. If disclosure is made to a person who is a competitor of any of the Parties, additional provisions to ensure that that person will not use any such information in that person's business shall be put into place. The improper use of confidential material may be punishable by contempt of Court in addition to any other remedies available to a Party. In addition, prior to any disclosure by counsel to any persons listed in Sections 7.2(b), (c), (e), and (f) of this Protective Order, each person shall have executed a certification in the form attached as Exhibit A, a true copy of which shall be maintained by counsel disclosing the designated material. No person shall be permitted to retain designated discovery materials nor be allowed to make notes of their contents unless the Court, upon motion by the Party seeking retention or note taking, allows for such retention or note taking or unless the Producing Party authorizes such retention or note taking, except that experts and consultants employed to assist in this litigation may retain designated discovery materials during the litigation and may make notes, which shall be governed by this Order and which shall be destroyed at the conclusion of this litigation. In the event that a person listed in Sections 7.2(b), (c),

(e), and (f) of this Protective Order, refuses to sign the certification in the form attached as Exhibit A, counsel seeking to disclose the confidential material may not do so unless they move the Court for permission to make such disclosure without obtaining a signed certification and receive an Order to that effect or unless the Producing Party or person shall be in accordance with all other provisions of this Order, and the person to whom the designated material is disclosed shall be admonished that any violation of this Order shall be subject to punishment as contempt of Court.  There shall be no need for any member of the Parties' counsels' legal or support staff to sign Exhibit A; execution of this Stipulated Protective Order by the Parties' counsel shall bind all such persons.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**

LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

1  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
2  Be Bound" that is attached hereto as Exhibit A.

3  11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
4       MATERIAL

5  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
6  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
7  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

8  12.  MISCELLANEOUS

9       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek
10 its modification by the Court in the future.

11      12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order
12 no Party waives any right it otherwise would have to object to disclosing or producing any
13 information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no
14 Party waives any right to object on any ground to use in evidence of any of the material covered by
15 this Protective Order.

16      12.3   Filing Protected Material.  Without written permission from the Designating Party or
17 a court order secured after appropriate notice to all interested persons, a Party may not file in the
18 public record in this action any Protected Material.  A Party that seeks to file under seal any Protected
19 Material must comply with Civil Local Rule 141.

20      12.4   Pre-Trial Submissions.  If any Party identifies any document previously designated
21 as "Confidential" as a trial exhibit in their pre-trial submissions, the confidentiality of such document
22 for purposes of trial shall be resolved by agreement of the Parties or, if the Parties cannot agree, by
23 pre-trial motion.  If the Parties have not reached agreement as to the confidentiality of a listed trial
24 exhibit, the Party that designated the document as "Confidential" may file a motion for protective
25 order with regard to the confidentiality of the document at trial within ten (10) days after service of
26 the other Party's list of trial exhibits in their pre-trial submissions.  To the extent any document
27 designated as "Confidential" pursuant to the terms of this Order is proposed for use at trial, but was
28 not listed as a trial exhibit prior to trial, the Parties shall attempt to resolve the issue regarding such

confidentiality by agreement or, if no agreement can be reached, by asking the Court to address the issue prior to the introduction of the document as evidence.

12.5    Violations.  Any violation of this Protective Order shall provide the Parties the right to seek specific compliance with the terms and conditions of this Protective Order by the party or counsel alleged to have committed such violation.  The Parties shall also be entitled to seek damages resulting from and violation against the party or counsel claimed to be in violation of this Protective Order.  The right to seek such relief shall be permitted to be made before the Court by way of an Order to Show Cause or such other form of summary application.  Each of the Parties shall have the right to seek any or all remedies provided as well, and the decision to seek one (1) form of remedy or to delay seeking such remedy shall not preclude or be considered a waiver, bar, limitation on or preclusion of the right of that party, non-party, entity, or person to seek any other available remedies at a later date.

13.    FINAL DISPOSITION

Within 45 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party, under the penalty of perjury, (and, if not the same person or entity, to the Designating Party) by the 45 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  The certification shall confirm that counsel have gathered all copies of protected documents provided under this protective order from experts or other authorized persons and have destroyed all documents within their possession. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 26, 2024                KING & SPALDING LLP

                                         By:  /s/ Alexander Moore
                                                 Alexander Moore

                                         *Attorneys for Plaintiff*

Dated:  November 26, 2024                SQUIRE PATTON BOGGS (US) LLP

                                         By:  /s/ Erik Morrison      (as authorized
                                                 Erik Morrison        on 11/21/2024)

                                         *Attorneys for Defendant*

IT IS SO ORDERED.

   Dated:   **November 26, 2024**          _____
                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the ~~Northern~~ Eastern District of California on <u>November 26, 2024</u>, in the case of *Primex Farms, LLC v. Schüco US LLLP*, No. 1:24-CV-00880-CDB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the ~~Northern~~ Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____