UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMEX FARMS, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>SCHÜCO USA LLLP,<br><br>              Defendants. | Case No.  1:24-cv-00880-CDB<br><br>FIRST ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 19)<br><br>**7- and 10-Day Deadline** |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff Primex Farms, LLC ("Primex") initiated this action with the filing of a complaint on June 21, 2024, in Kern County Superior Court, case number BCV-24-102101.  (Doc. 1).  Defendant Schüco USA LLLP removed the state court action to this Court on July 31, 2024.  *Id.*  In its operative, first amended complaint (Doc. 5), Plaintiff alleges two separate claims for relief: (1) breach of express warranty; and (2) breach of implied warranty of merchantability.  Plaintiff seeks general, specific, economic, and other damages, as well as restitution, declarative and injunctive relief, attorneys' fees and costs, and pre- and post-judgment interest at the applicable legal rate of interest.  *See id*.

Following a scheduling conference with the parties, the Court entered a scheduling order

setting all case management dates on October 23, 2024. (Doc. 12). The operative scheduling order that merely corrected a typographical error in the original but maintained all case management dates was issued on December 30, 2024. (Doc. 20).

### The Parties' Discovery Disputes

Shortly after receiving Defendant's responses to its first set of discovery demands and preliminary meet/confer efforts regarding Plaintiff's disputes thereto, on December 12, 2024, counsel for Plaintiff contacted the undersigned's courtroom deputy to report the disputes and request an informal discovery dispute conference. Counsel for Defendant reported it was not available to appear for conference until January 6, 2025. At the Court's direction, the parties filed a joint letter brief addressing the discovery disputes and a joint request to seal a document on December 20, 2024. (Docs. 18, 19).

On January 8, 2025, the Court convened with the parties off the record to address the discovery disputes. (Doc. 21). Attorneys Alexander Moore and Peter Hsiao appeared for Plaintiff and Attorneys Erik Morrison and Till Hackstein appeared for Defendant. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards

### Discussion

**1. Joint Defense Agreement and Privilege Log**

Defendant has refrained from producing its communications with an entity described by counsel for Defendant during the informal discovery dispute conference as its "indirect parent" (Schuco International KG, hereinafter "SI KG") on the grounds that the two entities have a joint defense agreement. (Doc. 19 at 9). During the conference, counsel for Defendant separately disputed Plaintiff's characterization in the parties' joint letter brief that SI KG either manufactured or designed the solar panels that are at the heart of the parties' litigation in this case. *See id.* at 4.

The "'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *Shenwick v. Twitter Inc*., No. 16-cv-05314-JST (SK), 2019 WL 3815717, at *2 (N.D. Cal. Apr. 1, 2019) (quoting *In re Pac. Pictures Corp*., 679 F.3d 1121, 1129 (9th Cir. 2012)) (internal citations omitted). "The common interest doctrine does not create an attorney-client privilege but merely operates as a defense to a claim of waiver of privileged information because an attorney or client share that privileged information with a third party." *Id.* (citations omitted). Merely sharing a desire to see the same outcome in a legal matter does not constitute a common legal strategy. *In re Pac. Pictures Corp*., 679 F.3d at 1129. Rather, "the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement – whether written or unwritten." *Id*.

The Court does not have sufficient information before it to determine the viability of Defendant's withholding of documents pursuant to a purported joint defense agreement. Accordingly, as expressed during the informal discovery dispute conference, Defendant will be directed to file pursuant to an appropriate request to seal compliant with Local Rule 141, the following for the Court's ex parte and in camera review:

1. A copy of the joint defense agreement or a declaration from a competent witness attesting to the details of any such joint defense arrangement (*i.e.*, identifying when such arrangement was reached, who entered into the arrangement, the scope of the arrangement, etc.);

2. An attestation from a competent witness as to what is or what was the common legal interest between Defendant and SI KG that formed the basis of the joint defense agreement; and

3. A sampling of between five and ten communications Defendant purports properly are the subject of and protected from disclosure by the agreement/arrangement.

Separately, although Defendant has objected to certain of Plaintiff's discovery demands and withheld from production documents on privilege grounds (*see* Doc. 19-1, Response to RFP No. 6), it has not produced a privilege log (*see* Fed. R. Civ. P., 26(b)(5)(A)), although it did articulate to Plaintiff as late as December 12, 2024, and during the informal discovery dispute conference that it has no objections to producing a privilege log. (Doc. 19 at 9). "Privilege logs are due at the time a discovery response is made*." Sanchez v. Cnty. of Sacramento Sheriff's Dep't*., No. 2:19-cv-01545

MCE AC, 2020 WL 3542328, at *2 (E.D. Cal. June 20, 2020) (citing Fed. R. Civ. P. 26(b)(5) & 34(b)).

Notwithstanding that Defendant objected more than four weeks ago to producing certain documents on privilege grounds, it offers no explanation or excuse why it has not timely served its privilege log. Accordingly, the Court will set a deadline by which Defendant shall produce its privilege log.

### 2. Materials Created by So-called "Retained Experts"

Defendant also is withholding from production materials in its possession responsive to Plaintiff's discovery demands on the grounds the materials were created by employees of SI KG as purported retained "experts" during an inspection at Defendant's facilities and that, accordingly, the materials constitute "work product" not discoverable until the deadlines for making expert discovery.

The Court does not have sufficient information before it to determine the viability of Defendant's withholding of documents on the grounds that the materials are protected work product. Accordingly, as expressed during the informal discovery dispute conference, Defendant will be directed to file pursuant to an appropriate request to seal compliant with Local Rule 141, the following for the Court's ex parte and in camera review:

1. A copy of the retainer agreement, equivalent documentary evidence, or a declaration by a competent witness attesting to the agreement between Defendant and SI KG or the relevant consultants/experts governing the services to be offered/rendered by those consultants/experts to Defendant.

### 3. Production of Documents Held by Parent Company

Defendant also has objected to producing documents in response to Plaintiff's discovery demands it claims are not in its possession, custody, or control, but rather, are maintained by non-party SI KG, a purported "indirect parent" of Defendant. (Doc. 19 at 8).

Although the party seeking production of documents bears the burden of proving that the opposing party has control of the documents (*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989)), here, Plaintiff has made a prima facie showing that Defendant may have control over the disputed documents given the parties'

representations that (1) SI KG was present at and participated in the site inspection at Defendant's facilities in February 2022, (2) Defendant retained expert consultants employed by SI KG in connection with the site inspection, and (3) SI KG is the "indirect" parent of Defendant (according to counsel for Defendant).

The Court does not have sufficient information before it to determine the viability of Defendant's claim that it does not have custody of documents that are held by SI KG. Accordingly, Defendant will be directed to file a declaration by a competent witness attesting to the following:

1. Any commonality of ownership between Defendant and SI KG;

2. Any commonality or intermingling of directors, officers or employees among Defendant and SI KG;

3. A description of the nature and extent of the exchange of documents between Defendant and SI KG in the ordinary course of business; and

4. The involvement of SI KG in the instant litigation.

This declaration shall not be filed under seal.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, Defendant shall serve a privilege log compliant with Fed. R. Civ. P. 26(a)(5)(A) as discussed above within seven (7) days of entry of this order.

And it is FURTHER ORDERED, Defendant shall file the three documents discussed above (*e.g.*, addressing joint defense agreement, expert retainers, and SI KG's corporate structure) within ten (10) days of entry of this order.

IT IS SO ORDERED.

Dated: **January 8, 2025**

_____
UNITED STATES MAGISTRATE JUDGE